**UNITED STATES DISTRICT COURT**     **EASTERN DISTRICT OF TEXAS**

JORGE LUIS GOMEZ-MUNOZ, #19286-078 §
§
*versus*     § CIVIL ACTION NO. 4:16-CV-777
§ CRIMINAL ACTION NO. 4:11-CR-259(01)
UNITED STATES OF AMERICA     §

## ORDER OF DISMISSAL

The above-styled and numbered civil action was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation concluding that Movant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1) pursuant to 28 U.S.C. § 2255 should be denied. Movant has filed objections (#20).

Movant is in custody pursuant to a conviction for the offense of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. On April 24, 2012, Movant pled guilty in conjunction with a non-binding plea agreement. After carefully considering Movant's statements made in open court, the Court found that his plea of guilty was entered voluntarily. On March 4, 2014, he was sentenced to life imprisonment. On appeal, the United States Court of Appeals for the Fifth Circuit found that there were no nonfrivolous issues for appellate review; thus, the appeal was dismissed. *United States v. Gomez-Munoz*, 607 F. App'x 401 (5th Cir. 2015). On October 27, 2015, Movant's sentence was reduced to 300 months of imprisonment pursuant to Fed. R. Crim. P. 35(b). On April 4, 2018, his sentence was reduced to 236 months of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).

In the present motion, Movant asserts that his guilty plea was not entered knowingly and voluntarily. As correctly explained by the Magistrate Judge, the Fifth Circuit has held that "solemn declarations in open court carry a strong presumption of verity." *United States v.*

*Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)). Movant has not overcome the strong presumption that his guilty plea was entered knowingly and voluntarily. Movant's first claim lacks merit.

Movant also asserts that his attorney was ineffective. In both his motion and objections, Movant complains that his attorney failed to protect a three-level reduction for acceptance of responsibility. He did not, however, receive any reduction for acceptance of responsibility because he failed to report in-person for a court date and failed to contact his pretrial services officer. PSR (#910) ¶ 40. Further investigation revealed that he had fled from justice. PSR ¶ 40. At sentencing, counsel explained why Movant did not show up for the court date and why he should get credit for acceptance of responsibility. SH Tr. 3-4. The Court rejected the explanation. SH Tr. 4-5. Movant has not shown that his attorney's representation in this matter was deficient or that he was prejudiced by deficient representation, as required by *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In his objections, Movant argues that the plea agreement was contractual in nature and that it was broken when he did not receive credit for acceptance of responsibility. Paragraph 5(b) of the plea agreement states that a "reduction of three (3) levels for acceptance of responsibility under U.S.S.G. § 3E1.1 applies; however, this stipulation is subject to the recommendation of the United States Probation Office." The probation officer determined that he was not entitled to receive the credit because he failed to report in-person for a court date, failed to contact his pretrial services officer, and had fled. PSR ¶ 40. At sentencing, the Court observed that he was gone a long time since he pled guilty. SH Tr. 4. Movant did not receive a reduction for acceptance of responsibility because of his own actions. His broken plea bargain claim lacks merit.

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Movant to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and the objections of Movant are without merit.

It is accordingly **ORDERED** that the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (#1) pursuant to 28 U.S.C. § 2255 is **DENIED**, and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions by either party not previously ruled upon are **DENIED**.

**Signed this date**

**May 24, 2019**

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE